**SILVERMAN LAW PLLC**
4 Terry Terrace
Livingston, New Jersey 07039
(646) 779-7210
Brett S. Silverman, Esq.
Federal Bar ID# BS0305

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------X     Hearing Date: June 16, 2022
                                                       Time: 10:00 a.m.
In re:

Archimedean Solution, LLC,                             Case No. 22-10599-lgb

                Alleged Debtor.                  Chapter 11 (Involuntary)

-------------------------------------------------X

**DECLARATION OF STEVEN J. ROSENBERG IN RESPONSE TO BDJ**
**EQUITIES LLC'S MOTION TO DISMISS INVOLUNTARY CASE**

Steven J. Rosenberg, pursuant to 28 U.S.C. §1746, hereby declares as follows:

1. I am the managing member of Emberly Capital, LLC ("Emberly"), the Petitioning Creditor herein. As such, I am fully familiar with the facts set forth herein.

2. On May 11, 2022, Emberly filed the within involuntary chapter 11 petition (the "Involuntary Case") against Archimedean Solutions, LLC (the "Alleged Debtor"). Upon information and belief, the Alleged Debtor has fewer than 12 creditors.

3. That same day, on May 11, 2022, the Alleged Debtor's real property located at 432 Hudson Street, New York, NY (the "Hudson Property") was scheduled to be sold at auction, pursuant to a judgment obtained by BDJ Equities LLC ("BDJ"), the Alleged Debtor's senior secured lender.

4. The pending foreclosure sale was cancelled as a result of Emberly's filing of the Involuntary Petition.

5. On May 25, 2022, a Motion to Dismiss the Involuntary Case was filed, not by the Alleged Debtor, but by BDJ, seeking to dismiss the involuntary bankruptcy petition (the "Dismissal Motion")[1].

6. In the interim, for reasons set forth below, it is my understanding, from my counsel, that BDJ and Emberly have agreed, in principle, to stipulate to the dismissal of the Involuntary Petition, with no further reservation of Bankruptcy Court jurisdiction for damages, attorneys' fees or any penalties against Emberly and its counsel under section 303(i) of the Bankruptcy Code[2].

7. Pending receipt and execution of such a stipulation of settlement, I submit this declaration in response to the Dismissal Motion, for the Court's understanding and background, and to dispute and/or clarify factual statements made by BDJ in connection with its Dismissal Motion.

### The Emberly Note and Mortgage: Recourse to the Alleged Debtor

8. On June 14th, 2019, the Alleged Debtor and Mary Kaplan, the Alleged Debtor's sole member ("Kaplan"), entered into a promissory note with Emberly for the amount of $525,000.00 (the "Emberly Note").

9. In connection with the Emberly Loan, and as collateral in exchange for the Emberly Loan, the Alleged Debtor provided Emberly, *inter alia*, with a second mortgage on the Hudson Property (the "Emberly Mortgage").

---

[1] In the event a mutually acceptable stipulation of settlement is not signed by the parties, or is not approved by the Bankruptcy Court, Emberly hereby respectfully reserves the right to argue and dispute the legal standing of BDJ to prosecute the Dismissal Motion, absent the Alleged Debtor's consent and/or in the Alleged Debtor's stead.

[2] In the event a mutually acceptable stipulation of settlement is not signed by the parties, or is not approved by the Bankruptcy Court, Emberly hereby respectfully reserves its right to argue and dispute that only the Alleged Debtor has requisite standing to seek recoupment of damages under section 303(i) of the Bankruptcy Code, absent the Alleged Debtor's consent and/or in the Alleged Debtor's stead.

10. A true and correct copy of the Emberly Note is attached hereto as Exhibit "A."

11. A true and correct copy of the Emberly Mortgage is attached hereto as Exhibit "B."

12. Contrary to various conflicting assertions by BDJ, the Emberly Note and Mortgage, which documents speak for themselves, are, in fact, *recourse* to the Alleged Debtor.

13. Neither the Emberly Note or the Emberly Mortgage contain any non-recourse language or terms, and, instead, both instruments clearly reflect that the Alleged Debtor and Kaplan, as parties thereto, agreed to become liable *in personam* as obligors under the Loan, until the Loan was paid in full.

## Emberly: An Eligible Petitioning Creditor Under Section 303 of the Bankruptcy Code

14. Emberly is a junior mortgagee whose claim, upon information and belief, meets the threshold requirements sufficient to designate Emberly a valid and eligible Petitioning Creditor under Section 303(b)(2) of the Bankruptcy Code.

15. The Loan was not paid by either Kaplan or the Alleged Debtor and is in default.

16. Upon information and belief, based upon the current value of the Hudson Property, and after taking into account the amount of BDJ's claim, as well as additional interest owed to BDJ, Emberly's unsecured claim, or at least a portion thereof, exceeds $15,775.00.

17. Furthermore, Emberly's claim is not subject to bonafide dispute by the Alleged Debtor.

18. Finally, the Alleged Debtor has fewer than 12 creditors,

19. As such, meeting all threshold requirements, Emberly respectfully submits that it is a valid and eligible Petitioning Creditor under Section 303(b)(2) of the Bankruptcy Code.

### The Alleged Debtor's Absence in this Proceeding Renders

### Chapter 11 an Impossibility

20. Upon the filing of the Involuntary Petition, and the docketing of a summons, Emberly attempted to serve the Alleged Debtor via Process Server at the following addresses:

   a. Archimedean Solutions LLC
      432 Hudson Street
      New York, NY 10014

   b. Romer Debbas, LLP
      Att: Steven Kirkpatrick, Esq.
      275 Madison Avenue
      New York, NY, 10016

   Service upon Romer Debbas, LLP was successful on June 7, 2022, the actual Affidavit of Service is being prepared. Service on Archimedean Solutions LLC is still out.

21. Upon information and belief, Kaplan, the Alleged Debtor's sole member, died in November of 2021.

22. Upon information and belief, Kaplan died intestate[3].

23. Recent investigations by Emberly into the Alleged Debtor's affairs have uncovered information that the administration of Kaplan's estate, which would include her 100 percent interest in the Alleged Debtor, is pending in Surrogate's Court, in New York County, captioned *"Estate of May Kaplan," File No. 2022-430.*

24. The records, pleadings and docket of the *Estate of Mary Kaplan* do not appear to be easily accessible online or available to the public at large.

---

[3] Kaplan is listed as registered agent of the Alleged Debtor according to the State of New York, at an address of 66 Morton Street, NY, NY, 10014. Although we directed our Process Server to serve the Involuntary Petition and Summons on that address as well, our Process Server advised that serving a registered agent that was known to be deceased would subject him and his employer to fines and other penalties levied by the City of New York.

25. Upon information and belief, the Surrogate Court has not yet appointed a representative, agent or administrator to administer the Kaplan estate.

26. Unless and until the appointment of a representative, agent, or administrator through the Surrogate's Court, there appears to be no one person or entity who could represent the Alleged Debtor's interests in this proceeding, or in any other legal proceeding, including the execution of documents, or, in fact, an ability to act in any legal capacity at all.

27. The above facts, if true, would sufficiently explain the lack of any response or participation at all in the Involuntary Petition by the Alleged Debtor.

28. Emberly's intent in filing the Involuntary Chapter 11 Petition hinged on Debtor-In-Possession representation and participation. Absent the Alleged Debtor's basic ability to be represented as a party herein, the Involuntary Petition becomes a dispute between two non-Debtor parties.

29. For the forgoing reasons, Emberly has agreed to no longer prosecute the Involuntary Chapter 11 Petition.

***

I hereby declare on June 9, 2022, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

/s/ Steven. J. Rosenberg